Gregory L. Folchetti Informal Opinion Town Counsel No. 2008-8 Town of Carmel Costello Folchetti, LLP 1875 Route Six P.O. Box 1200 Carmel, New York 10512
Dear Mr. Folchetti:
You have requested an opinion regarding whether the Town may, by local law, increase the term of the town supervisor from two to four years. If so, you ask whether the referendum required to pass such a local law may be held at the general election in November 2008 and, if it passes, whether the new four-year term would take effect for the 2009 biennial election, with the term of office commencing January 1, 2010.
You have explained that the Town is located in Putnam County, a county that is governed by an elected county legislature, as provided in County Law § 150-a, rather than by a county board of supervisors comprised of the supervisors of the towns and cities within the county, as provided in County Law § 150.
You recognize that Town Law § 24-a provides a procedure whereby the town board, by resolution, may increase the supervisor's term to four years. Because of the length of time that such a process would involve, [1] you ask whether the Town may *Page 2 
alternatively pursue the term change by local law, to expedite the effective date of such a change.
As explained below, we conclude that, in these circumstances, the Town may increase the term of the town supervisor by local law. We further conclude that the referendum needed to enact such a local law may be held at the November 2008 general election, that the election to fill the office would be held at the 2009 biennial election, and the four-year term of office of the person elected would commence January 1, 2010, which is two years earlier than such a term could commence if the change were effectuated by town resolution.
The authority to make this change by local law is provided by Municipal Home Rule Law § 10(1) (ii) (a) (1) . That section provides that local governments, including towns, are authorized to enact local laws regulating the terms of office of their officers and employees so long as those laws are consistent with the Constitution and general state law. The section does not apply to towns whose officers are members of the legislative body of the county, but towns in Putnam County do not meet that description, because as previously noted Putnam County is governed by an elected legislature rather than by a board consisting of the supervisors of the towns and cities within the county.
We have previously concluded that towns in a county governed by a legislative body whose members are elected to that position (and do not become members of that body by virtue of having been elected to some other office, such as town supervisor), may change the town supervisor's term by local law. See 1975 Op. Att'y. Gen. (Inf.) 223. There have been no relevant changes to the applicable statutes since we rendered that opinion, and we adhere to that conclusion.
In order to change the supervisor's term pursuant to the Municipal Home Rule Law, a town must adopt a local law superseding Town Law § 24, which provides for a two-year term. Such supersession is expressly authorized by Municipal Home Rule Law § 10(1)(ii)(d)(3), which provides that a town generally may amend or supersede in its application to the town any provision of the Town Law relating to matters that may be the subject of a local law *Page 3 
under the authority of Municipal Home Rule Law § 10. As discussed above, provisions relating to the terms of town officers may be the subject of a local law. Municipal Home Rule Law § 10(1) (ii) (a) (1) .
If the Town adopts a local law changing the supervisor's term, such a law must be submitted to the voters in a mandatory referendum, Municipal Home Rule Law § 23(2) (e), at a general election held not less than 60 days after the adoption of the local law. Id. § 23(1) . Therefore, in order to submit such a law to the voters at the November 4, 2008 general election, the Town must adopt the law at least sixty days before that date.
The proposed change in term will become effective only if approved by a majority of the voters at the election. Id. If approved, the change in term will apply to elections occurring thereafter, beginning with the 2009 biennial election, the next election at which town officers may be elected. Town Law § 80. Any change will not affect the term of the sitting town supervisor, who was selected by the town electors to serve a two-year term. See 1973 Op. Att'y Gen. (Inf.) 103 (local law to increase term of mayor from two to four years did not extend term of incumbent); see also Op. Att'y Gen. (Inf.) No. 82-14 (fire company bylaws amended to increase term of fire chief do not extend term of elected incumbent).
We note that if the Town chooses to proceed in this fashion to increase the supervisor's term by a local law that supersedes Town Law § 24, Municipal Home Rule Law § 22(1) requires that the town board include in the local law certain information relating to the statute being superseded.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours, KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
By:
KATHLEEN M. ARNOLD Assistant Solicitor General
[1] The town board must adopt a resolution at least 150 days prior to a biennial town election. Town Law § 24-a. The resolution is submitted to the town electors at the next biennial town election. Id. If a majority of the voters voting on the proposition approve it, the terms of office of those officers included in the proposition and thereafter elected are for a period of four years. Id. A biennial town election to elect officers and consider propositions is held in November of every odd-numbered year. Id. § 80. The term of each elective officer begins on January 1 of the year next succeeding the election at which he or she was elected. Id. § 24. Therefore, using the process outlined in Town Law § 24-a, the earliest the proposition could appear before the town electors would be in November 2009, the earliest a town supervisor would be elected to a four-year term would be November 2011, and that term would commence in January 2012. *Page 1